UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22228

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

        Plaintiff,

v.

THOMAS SVANSTEDT individually and dba AMERICAN GOLF TOURS & ACADEMY,

        Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through its undersigned counsel, brings this Complaint against Defendant THOMAS SVANSTEDT INDIVIDUALLY AND DBA AMERICAN GOLF TOURS & ACADEMY for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship.

2.    Robert Stevens, owner of Affordable Aerial Photography, Inc., is a high-end real estate photographer who makes his living photographing million dollar homes for real estate agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. Stevens is self-taught, but his photographs rival those taken by photographers who

charge thousands more.  AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken.

3. Defendant THOMAS SVANSTEDT ("Svanstedt") is an individual who owns the fictitious name AMERICAN GOLF TOURS & ACADEMY, and at all times relevant herein, operated the website at the URL www.americangolftours.com (the "Website").  The Website showcases golf properties around the world, including Florida, Arizona and the French Riviera in which customers and visitors of the Website can obtain rates and book travel to visit the showcased properties.

4. AAP alleges that Svanstedt copied AAP's copyrighted Work from the internet in order to advertise, market and promote his business activities.  Svanstedt committed the violations alleged in connection with Svanstedt's business for purposes of advertising and promoting sales to the public in the course and scope of Svanstedt's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Florida.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

**DEFENDANT**

9.      Thomas Svanstedt is the owner of the state of Florida fictitious name American Golf Tours & Academy.  Svanstedt can be served at 1602 Alton Road, Suite 72, Miami Beach, Florida, 33139.

**THE COPYRIGHTED WORK AT ISSUE**

10.     In 2012, Stevens created a photograph entitled "Lost_Tree_Village_1," which is shown below and referred to herein as the "Work".



11.     Stevens registered the Work with the Register of Copyrights on August 2, 2013 and was assigned the registration number VA 1-947-095.  The Certificate of Registration is attached hereto as Exhibit 1.

12.     AAP is the owner of the Work pursuant to an assignment between Stevens and AAP.

13.     At the time Stevens created the Work, he applied copyright management information ("CMI") to the Work consisting of the words "© Robert Stevens" to the bottom left corner of the Work.

14. At all relevant times AAP was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. Svanstedt has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, Svanstedt copied the Work.

17. Svanstedt copied AAP's copyrighted Work without AAP's permission.

18. After Svanstedt copied the Work, he made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its destination golf travel sales business.

19. Svanstedt copied and distributed AAP's copyrighted Work in connection with Svanstedt's business for purposes of advertising and promoting Svanstedt's business, and in the course and scope of advertising and selling products and services.

20. AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21. Svanstedt committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

22. AAP never gave Svanstedt permission or authority to copy, distribute or display the Work at issue in this case.

23. AAP notified Svanstedt of the allegations set forth herein on May 23, 2019 and June 14, 2019.  To date, Svanstedt has failed to respond to Plaintiff's Notices.  Copies of the Notices to Svanstedt are attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Plaintiff incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. AAP owns a valid copyright in the Work at issue in this case.

26. AAP registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27. Svanstedt copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without AAP's authorization in violation of 17 U.S.C. § 501.

28. Svanstedt performed the acts alleged in the course and scope of its business activities.

29. Svanstedt's acts were willful.

30. AAP has been damaged.

31. The harm caused to AAP has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Thomas Svanstedt individually and dba American Golf Tours & Academy that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

      d.      Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

      e.      Plaintiff be awarded prejudgment interest; and

      f.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: May 28, 2020                          Respectfully submitted,

                                          */s/  Joel B. Rothman*
                                          JOEL B. ROTHMAN
                                          Florida Bar No.: 98220
                                          joel.rothman@sriplaw.com
                                          JASON S. WEISS
                                          Florida Bar Number:  356890
                                          jason.weiss@sriplaw.com

                                          **SRIPLAW**
                                          21310 Powerline Road
                                          Suite 100
                                          Boca Raton, FL  33433
                                          561.404.4350 – Telephone
                                          561.404.4353 – Facsimile

                                          *Attorneys for Plaintiff Affordable Aerial Photography, Inc.*