# Exhibit 3



Joel B. Rothman
Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

May 23, 2019

**VIA FEDEX**
Mr. Thomas Svanstedt
American Golf Tours
1602 Alton Road
Suite 72
Miami Beach, FL 33139

    Re:    **Affordable Aerial Photography, Inc. v. American Golf Tours**
              **Our File No.: 00022-0064**

Dear Mr. Svanstedt,

We write on behalf of our client Affordable Aerial Photography, Inc., a photographer, for purposes of resolving a case of copyright infringement against you by our client. This demand is privileged from disclosure pursuant to FRE Rule 408.

Please provide this letter to your general liability insurance carriers or other providers of insurance that may cover this claim and refer them to the enclosed demand pursuant to § 627.4137, Florida Statutes, for insurance information in this matter.

*Affordable Aerial Photography, Inc. ("AAP")*
Robert Stevens is a high-end real estate photographer who makes his living photographing million dollar homes for real estate agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. Stevens is self-taught, but his photographs rival those taken by photographers who charge thousands more. AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken.

AAP retains all copyrights to its photographs. AAP licenses its copyrighted Works, such as the one in this case, for commercial use.

In December of 2012, AAP created an image entitled "Lost_Tree_Village_1", hereinafter referred to as the "Work."

The Work at issue is shown below.

Mr. Thomas Svanstedt
American Golf Tours
May 23, 2019
Page 2



AAP registered the Work with the Register of Copyrights on August 02, 2013 and was assigned the registration number VA 1-947-095, a copy of which is enclosed.

*Infringement by American Golf Tours ("AGT")*
The infringement at issue was identified on March 26, 2019. We have enclosed contemporaneous evidence of the infringement by AGT.

You have employed our client's Work in at least the manner indicated in the evidence attached. Your unauthorized use commenced on at least the date indicated above. You are fully aware that the Work you used is our client's Work. No one from your company ever sought a license from our client to use the Work for any purpose.

You have copied, displayed, and distributed our client's Work without permission, license, or consent.  The use of a creator's photographic image without written consent or license violates the United States Code, Title 17, and The Copyright Act. The Copyright Act provides for entry of an injunction directing removal of the offending materials pending litigation. This letter shall serve as formal notice that you immediately cease and desist all unauthorized uses of our client's Work.  Any such further uses shall be at your peril.

If you possess a contract, license, agreement or writing on which you will rely for authorization of your use of our client's Work, please provide us with this evidence so we may avoid further controversy or litigation.  Otherwise, we will be forced to assume that your use violated the law.

1801 Century Park East
Suite 1100
Los Angeles, CA 90067

21301 Powerline Road
Suite 100
Boca Raton, FL 33433

125 Maiden Lane
Suite 5C
New York, NY 10038

**Main:** 561.404.4350
**Fax:** 561.404.4353
www.sriplaw.com

Mr. Thomas Svanstedt
American Golf Tours
May 23, 2019
Page 3

*Damages*

Copyright law provides several different elements of compensation to AAP when a work is infringed or altered. Section 504 permits AAP to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages," or statutory damages of up to $150,000 per work infringed if the registration predated the infringement. AAP can present both damages theories to the jury and select the higher award any time prior to entry of judgment.

Academic studies have demonstrated that the use of good quality photographs more effectively market and advertise products and drive sales. AAP's photographs are of the highest quality. AAP's photographs are also scarce since it is one of the only sources of such quality photographs.

AAP's damages are not limited to what it would have agreed to license the Work for prior to the infringement. Rather, AAP's actual damages will be measured by the fair market value of the photograph considering AGT's use to sell and promote its business. AAP's actual damages must be measured in light of AGT's use of AAP's high quality and unique Work.

This is consistent with federal courts' approach to broadly construing the term "actual damages" to favor victims of infringement.  See, e.g., *Davis v. Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001).  The fair market value approach for calculating damages is an accepted approach to valuing the defendants' uses of photographs.  See *Leonard v. Stemtech Int'l, Inc.*, Nos. 15-3198, 15-3247, 2016 U.S. App. LEXIS 15565 (3d Cir. Aug. 24, 2016).  In addition, AAP can offer evidence of the actual cost to take the photograph infringed on a time and materials basis.

Section 504 of the Copyright Act permits AAP to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Therefore, AAP will also be entitled to AGT's profits from the infringement, based upon the revenue AGT earned in connection with the use of AAP's Work.

Alternatively, AAP could seek statutory damages for infringement in an amount of up to $30,000 per work infringed if the registration predated the infringement.  There is also the possibility that a judge or jury could determine that AGT's infringement was willful. If AGT's infringement was shown to be willful, the statutory damage award would increase to an amount up to $150,000 per work infringed.

1801 Century Park East
Suite 1100
Los Angeles, CA 90067

21301 Powerline Road
Suite 100
Boca Raton, FL 33433

125 Maiden Lane
Suite 5C
New York, NY 10038

Main: 561.404.4350
Fax: 561.404.4353
www.sriplaw.com

Mr. Thomas Svanstedt
American Golf Tours
May 23, 2019
Page 4

*Demand*

In order to determine how to proceed, please provide us with information and documents showing:

1. the full nature and extent of the use of our client's Work, in any and all formats;

2. representative copies in any and all tangible form and media in which our client's Work was incorporated or employed; and

3. the source of the Work.

Upon receipt of this information we will consider and determine an appropriate amount required to be paid to our client in compensation.

Please carefully consider this letter and the associated exhibits and provide them to your attorneys and insurance carriers. If we do not receive a response from you or a representative by June 6, 2019, we will take further steps to protect our client's rights. We look forward to your prompt response.

Sincerely,

**SRIPLAW**

Joel B. Rothman

JBR/stj
Enclosures

Registration Number
**VA 1-947-095**
Effective Date of Registration:
August 02, 2013

## Title

**Title of Work:** StockImageDepotPhotos 2012

## Completion/Publication

**Year of Completion:** 2012
**Date of 1st Publication:** December 30, 2012
**Nation of 1st Publication:** United States

## Author

- **Author:** Robert Stevens
  **Author Created:** photograph(s)
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Robert Stevens
1123 Melinda Ln, Haverhill, FL, United States

## Certification

**Name:** Robert Stevens
**Date:** August 02, 2013

**Correspondence:** Yes

Register of Copyrights, United States of America

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



Page 1 of 1

Certificate of Registration


# *side by side photo comparisons*

*original photo*





Joel B. Rothman
Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

May 23, 2019

**VIA FEDEX**
Mr. Thomas Svanstedt
DBA American Golf Tours
1602 Alton Road
Suite 72
Miami Beach, FL 33139

Re: **Affordable Aerial Photography, Inc. v. American Golf Tours**
**Our File No.: 00022-0064**

Dear Mr. Svanstedt,

We write pursuant to § 627.4137, Florida Statutes, to demand a response with insurance information for each known policy of liability insurance your clients may have that may provide coverage for all or a portion of our client's claims in this matter:

(a) The name of the insurer.
(b) The name of each insured.
(c) The limits of the liability coverage.
(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement, and
(e) A copy of the policy.

Thank you in advance for your anticipated cooperation.

Sincerely,

**SRIPLAW**

Joel B. Rothman

JBR/jcj

1801 Century Park East    21301 Powerline Road    125 Maiden Lane    Main: 561.404.4350
Suite 1100                Suite 100               Suite 5C           Fax: 561.404.4353
Los Angeles, CA 90067     Boca Raton, FL 33433    New York, NY 10038 www.sriplaw.com



Joel B. Rothman
Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

June 14, 2019

**VIA FEDEX and EMAIL: info@americangolftours.com**
Mr. Thomas Svanstedt
Thomas Svanstedt dba American Golf Tours & Academy
1602 Alton Road
Suite 72
Miami Beach, FL 33139

Re:   **Affordable Aerial Photography, Inc. v. Thomas Svanstedt dba American Golf Tours & Academy**
      **Our File No.:  00022-0064**

Dear Mr. Svanstedt,

We write this follow up letter on behalf of our client Affordable Aerial Photography, Inc. for the purposes of resolving a case of copyright infringement against you by our client. This demand is privileged from disclosure pursuant to FRE Rule 408.

Enclosed please find our prior letter dated May 23, 2019, wherein we detailed the basis of the copyright infringement claim against you, including the evidence of infringement.

We note that a review of the accused infringing webpage shows that the infringement has not been removed.  It is imperative that you respond to us.  If we do not hear from you, we will be forced to take further steps to protect our client's rights, including filing a lawsuit against you.  We also repeat our demand that you tender this claim to your insurance carrier.  We look forward to your prompt response.

Sincerely,

**SRIPLAW**

Joel B. Rothman

JBR/jcj
Enclosures